UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN LEWIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:07-cv-01109-HDM-LRL |
| v. ) | |
| ) | **O R D E R** |
| STATE OF NEVADA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is defendants Sandra Holihan and Robert Holihan's (the "Holihans") Motion to Compel (#13), State defendants' Opposition (#20), and the Holihan's Reply (#25). The Holihans move the court to compel the production of personal insurance policies from defendants Philomena Osemwega, Silvia Clark-James, Peggy Rowe, Terri Campbell, and Mark Fitzgerald (collectively the "Clark County Employees"), pursuant to Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure.[1]

Rule 26(a)(1)(D) requires a party, without waiting for a discovery request, to provide to other parties "for inspection and copying . . . any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(D). The State of Nevada or political subdivision thereof is obligated to indemnify employees for any civil judgment entered against them based on an act or omission relating to their employment (subject to exceptions which do not apply in this case). Nev. Rev. Stat. Ann. § 41.0349 (2007). Defendant Clark County has provided its self-insured retention ("SIR") and excess insurance policies to the Holihans. (Exh. D to Opp'n (#20).) While a judgment in this case may or may not exceed the

---

[1] The Holihans also seek insurance agreements from Clark County Child Haven Foster Care Services. (Mot. (#13) at 6.) However, it appears these documents have since been produced. (Opp'n (#20) at 12.) The issue is therefore moot.

policy limits of the SIR and excess insurance policies, § 41.0349 nevertheless exempts the Clark County Employees' personal insurance carriers from liability. The individual insurance agreements at issue in the instant motion (#13), therefore, are not subject to mandatory disclosure under Rule 26(a)(1)(D). The same is true regarding reservation of rights letters and claims files, though on other grounds. *See Excelsior Coll. v. Frye*, 233 F.R.D. 583, 586 (S.D. Cal. 2006) (stating Rule 26(a)(1)(D) limited to insurance policy or other agreement).

Accordingly, and for good cause shown,

IT IS ORDERED that defendants Sandra Holihan and Robert Holihan's Motion to Compel (#13) is DENIED.

DATED this 17th day of December, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**